Nov. Term.
1860.

HUNT
v.
UTTER.

Wednesday,
December 12.

*Wednesday,
December 12.*

*A. C. Downey,* for appellee.

---

HUNT v. UTTER.

Suit for the last installment of the purchase money of real estate. Answer: that the vendor had no title. No evidence was given in reference to the title, but it appeared that the defendant was then in possession under his purchase.

*Held,* that this evidence was *prima facie* sufficient to support the plaintiff's action, and threw the burden of proof upon the defendant.

APPEAL from *Johnson* Circuit Court.

HANNA, J.—*Utter* sued *Hunt* upon a promissory note, and averred that it was the last payment upon lands described, that had been sold by plaintiff to defendant; that he had caused a tender of a deed and the note to be made, and demanded, &c.

The defendant answered: first, in denial; second, that "at the time of the sale of the land and tender of the deed, the plaintiff had no title to said land, and has not since acquired any title thereto." Reply in denial.

Upon the trial neither party introduced any evidence in reference to the title of plaintiff. It was shown that he had sold the land described to defendant, for $3,200, of which this $200 was the last payment, and that defendant was then, and had been for two years, in possession of the same.

Was the evidence, upon the part of the plaintiff, sufficient under the issue formed? *Prima facie* it was. The defendant had been put in, and was then enjoying, the possession and profits of the lands. The fact that the plaintiff had possessed, and could thus deliver possession of said land to defendant, who continued in undisturbed enjoyment thereof, made such a case as threw the burden of proof upon the defendant.

*Per Curiam.*—The judgment is affirmed, with 10 per cent. damages and costs.

*G. M. Overstreet* and *A. B. Hunter*, for appellant.

*S. C. Oyler*, for appellee.